UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 15-cr-30018-MGM |
| | ) | |
| | ) | <u>VIOLATIONS</u> |
| | ) | |
| | ) | 18 U.S.C. § 2339B(a)(1) – Attempted Provision of Material Support to a Foreign Terrorist Organization (Count One) |
| | ) | |
| | ) | 18 U.S.C. § 2332a(a)(2) – Attempted Use of Weapons of Mass Destruction (Count Two) |
| v. | ) | |
| | ) | 18 U.S.C. § 922(g)(1) – Prohibited Person in Possession of Firearm (Count Three) |
| | ) | |
| | ) | 18 U.S.C. §§ 111(a)(1) and 111(b) – Assault with a Dangerous Weapon Causing Bodily Injury (Count Four) |
| | ) | |
| | ) | 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(G) & 28 U.S.C. § 2461(c) – Terrorism Forfeiture Allegation |
| ALEXANDER CICCOLO, | ) | |
| a/k/a Ali Al Amriki, | ) | |
| | ) | 18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c) – Firearm Forfeiture Allegation |
| Defendant. | ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### INTRODUCTION

At all times relevant to this Superseding Indictment:

1. On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq (AQI), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224.

2. On May 14, 2014, the Secretary of State amended the designation of al-Qa'ida in Iraq ("AQI") as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as its primary name. The Secretary also added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. Although the group has never called itself "Al-Qaeda in Iraq (AQI)," this name has frequently been used to describe it through its history. On September 21, 2015, the Secretary added the following aliases to the ISIL listing: Islamic State, ISIL, and ISIS. To date, ISIL remains a designated FTO.

COUNT ONE:         Title 18, United States Code, Section 2339B(a)(1) – Attempted Provision
                   of Material Support and Resources to a Foreign Terrorist Organization

3. The allegations contained in paragraphs 1 through 2 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

4. The defendant is a United States national and the offense occurred in whole and in part within the United States.

5. From a date unknown but no later than in or about September 2014 and continuing until on or about July 4, 2015, in Berkshire County and elsewhere, in the District of Massachusetts, and elsewhere,

ALEXANDER CICCOLO,
a/k/a Ali Al Amriki,

defendant herein, did knowingly attempt to provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b)(1), to wit, services and personnel, including himself, to a foreign terrorist organization, namely the Islamic State of Iraq and the Levant, knowing that the organization was a designated foreign terrorist organization, and that the organization had engaged in and was engaging in terrorist activity and terrorism.

All in violation of Title 18, United States Code, Section 2339B(a)(1).

COUNT TWO:    Title 18, United States Code, Section 2332a(a)(2) – Attempted Use of Weapons of Mass Destruction within the United States

6.    From a date unknown but no later than in or about September 2014 and continuing until on or about July 4, 2015, in Berkshire County and elsewhere, in the District of Massachusetts,

ALEXANDER CICCOLO,
a/k/a Ali Al Amriki,

defendant herein, acting without lawful authority, did knowingly attempt to use a weapon of mass destruction, namely, a destructive device as defined in Title 18 U.S.C. § 921, against a person and property within the United States, specifically, a state university outside of Massachusetts, and: (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; (2) defendant attempted to travel in and attempted to cause another to travel in interstate and foreign commerce in furtherance of the offense; and (3) the offense and the results of the offense affected, and if completed, would have affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2332a(a)(2).

COUNT THREE:   Title 18, United States Code, Section 922(g)(1) – Possession of a Firearm by a Prohibited Person

7.   On or about July 4, 2015, in Berkshire County, in the District of Massachusetts,

ALEXANDER CICCOLO,
a/k/a Ali Al Amriki,

defendant herein, did knowingly possess the following firearms:

1. .223 Colt AR-15 rifle;
2. 556 Sig Arms SG550 rifle;
3. 9 mm Glock 17 handgun; and
4. 10 mm Glock 20 handgun.

in and affecting interstate commerce, after having been convicted in a court of a crime punishable by imprisonment for a term in excess of one year.

All in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FOUR:   Title 18, United States Code, Sections 111(a)(1) and 111(b) – Assault with a Dangerous Weapon Causing Bodily Injury

8.   On or about July 4, 2015, in Franklin County, in the District of Massachusetts,

ALEXANDER CICCOLO,
a/k/a Ali Al Amriki,

defendant herein, did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with a nurse at the Franklin County Correctional Facility, a person assisting an officer and employee of the United States and of an agency in a branch of the United States Government, in the performance of official duties, and on account of that assistance, while said nurse was engaged in and on account of the nurse's official duties, and such acts did involve physical contact with the victim of that assault, the nurse.

9.   The Grand Jury further charges that ALEXANDER CICCOLO, a/k/a Ali Al Amriki, did further commit the offense described herein by use of a deadly and dangerous weapon, to wit a pen, and did inflict bodily injury. Accordingly, Title 18, United States Code, Section 111(b) applies to this count.

All in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).

## TERRORISM FORFEITURE ALLEGATION
(Title 18, United States Code, Sections 981(a)(1)(C) and (a)(1)(G) &
Title 28, United States Code, Section 2461(c))

1. The allegations in Counts One through Two of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (a)(1)(G), and Title 28, United States Code, Section 2461(c).

2. The Grand Jury further finds probable cause to believe that upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2332a(a)(2), set forth in Counts One through Two of this Superseding Indictment,

ALEXANDER CICCOLO,
a/k/a Ali Al Amriki,

defendant herein, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (a)(1)(G), and Title 28, United States Code, Section 2461(c), (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; (2) all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (3) all assets, foreign or domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting, or concealing any of the offenses against the United States, citizens or residents of the United States, or their property; and (4) all assets, foreign or domestic, derived from, involved in, or used or intended to be used to commit the offenses. The property to be forfeited includes, but is not limited to, the following assets:

(a) one Toshiba Satellite L755 laptop computer, bearing serial number B195864W, seized from 18 Pierce Road, Peru, Massachusetts on July 4, 2015;

(b) one Dell Latitude D610 laptop computer, bearing serial number NT25T572F9, seized from 10 Murray Street, Apartment C, Adams, Massachusetts on July 4, 2015; and

7

    (c)  one iPhone 4S, bearing unknown serial number, seized from defendant on July 4, 2015.

3. If any of the forfeitable property described in Paragraph 2, above, as being forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (a)(1)(G), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 2 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (a)(1)(G), and Title 28, United States Code, Section 2461(c).

## FIREARM FORFEITURE ALLEGATION
(Title 18, United States Code, Section 924(d) &
Title 28, United States Code, Section 2461(c))

1.  The allegation in Count Three of this Superseding Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2.  The Grand Jury further finds probable cause to believe that upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1) set forth in Count Three of this Superseding Indictment,

ALEXANDER CICCOLO,<br>a/k/a Ali Al Amriki,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in, or used in, any knowing commission of such offense. The property to be forfeited includes, but is not limited to, the following assets:

    (a) one .223 Colt AR-15 rifle, bearing serial number 014865;

    (b) one 556 Sig Arms SG550 rifle, bearing serial number 300294;

    (c) one 9 mm Glock 17 handgun, bearing serial number AEN683 US; and

    (d) one 10 mm Glock 20 handgun, bearing serial number WY243UD.

3.  If any of the property described in Paragraph 2, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 2 above.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Deepika Bains Shukla
Assistant U.S. Attorney

Kevin O'Regan
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS:

Returned into the District Court by the Grand Jurors and filed on June 30, 2016.

_____
DEPUTY CLERK OF THE COURT

11