UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * * * |
| v. | * |
| | * Criminal No. 15-30018-MGM |
| ALEXANDER CICCOLO, | * * * |

ORDER ON GOVERNMENT'S EX PARTE, CLASSIFIED MOTION FOR ORDER FINDING CERTAIN MATERIALS NOT SUBJECT TO DISCOVERY PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE[1]

November 15, 2017

On May 11, 2017, the government filed with the Court, through the Classified Information Security Officer ("CISO") a Memorandum of Law and Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)91) of the Federal Rules of Criminal Procedure.[2] The government supplemented its May filing in August of 2017, in response to a request for additional information conveyed from the court to the government through the CISO.

Having fully considered the matters presented in the Memorandum and Motion of May 11, 2017 and the August, 2017 supplement, held *ex parte* conferences with both the government and defense counsel, and having conducted a thorough *in camera* and *ex parte* review of the government's CIPA motion, memorandum of law, all exhibits in the record in this case, and pertinent legal authorities, the Court finds the government has properly invoked privilege as to the classified information at issue and this classified information is not subject to discovery during the guilt-

---

[1] This unclassified order will be placed in the public docket. A corresponding classified order will be placed under seal for future appellate review, if necessary.
[2] The government properly filed its C IPA motion *in camera, ex parte,* and under seal with the CISO. *See* 18 U.S.C. App. 3 §4; *United States v. Pringle,* 751 F.2d 419, 426-27 (1st Cir. 1984), *vacated and remanded on other grounds sub nom. United States v. McAfee,* 479 U.S. 805 (1986); *United States v. Mehanna,* 735 F.3d 32, 65-66 (1st Cir. 2013).

innocence phase of this case under any theory of defense. In the event the Court finds it necessary to revisit any part of its ruling during a future sentencing phase, the court will provide appropriate opportunities for supplemental briefing before making any ruling.

Accordingly, the government's May 11, 2017 motion is **GRANTED** in its entirety. A more detailed rationale is memorialized in the Court's sealed, classified, *ex parte* order entered on the docket on this date.

It Is So Ordered.

Mark G. Mastroianni
United States District Judge